NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Shawn TRAPP,

        Plaintiff,

v.

John TASSINI, et al.,

        Defendants.

Civ. No. 14-5044

OPINION

THOMPSON, U.S.D.J.

    This matter has come before the Court on the application of *pro se* Plaintiff Shawn Trapp ("Plaintiff") to proceed *in forma pauperis*. (Docket Entry No. 1, Attach. 2). The Court has reviewed the affidavit of indigence and the Complaint. (Docket Entry No. 1). Although the Court will grant Plaintiff's application to proceed *in forma pauperis*, the Court must dismiss Plaintiff's Complaint for failure to comply with the applicable pleading standards.

DISCUSSION

    In considering applications to proceed *in forma pauperis*, the Court engages in a two-step analysis. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Id.* Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *See id.*

1. **Application to proceed** *in forma pauperis*

    The filing fee for a civil case in the United States District of New Jersey is $350.00, with an additional $50.00 administrative fee. To avoid paying these fees, a plaintiff may submit an

application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. "In making such application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011) (citing *United States ex rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. Dec. 12, 1969)). A litigant need not be "absolutely destitute" to qualify. *Mack v. Curran*, 457 F. App'x 141, 144 (3d Cir. 2012) *cert. denied*, 133 S. Ct. 139 (2012) (internal quotations omitted).

Plaintiff's application states that Plaintiff does not have any income or assets. Upon review, the Court believes that Plaintiff has shown sufficient economic disadvantage to proceed *in forma pauperis*.

### 2. Dismissal under 28 U.S.C. § 1915(e)

Having granted Plaintiff's application to proceed *in forma pauperis*, the Court must screen the Complaint to determine whether dismissal is warranted pursuant to 28 U.S.C. § 1915(e). Under § 1915(e), the Court shall *sua sponte* dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, the Court reviews the Complaint under the familiar pleading standards as reiterated and clarified in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Court v. Twombly*, 550 U.S. 544 (2007). Under these tenets, "[d]ismissal is appropriate where, accepting all well-pleaded allegations in the Complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that the plaintiff has failed to set forth 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Simon*, 2011 WL 551196, at *1 (quoting *Twombly*, 550 U.S. at 555). Any asserted claims must also be supported by "a short and

plain statement . . . showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). Finally, as Plaintiff is proceeding *pro se*, the Court must be mindful to construe the complaint liberally in his favor. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

Upon review, the Court finds the Complaint must be dismissed for failure to comply with the requisite pleading standards. Plaintiff is seeking all of the transcripts pertaining to his child's custody hearings and $700,000,000.00 in damages for "the hardship my daughter and I had to suffer through due to the illegal actions [of] John R. Tassini, Kathleen A Sheedy, DCP&P Services, and David & Janee Prown in their attempt to steal my daughter under the color of law." (Docket Entry No. 1). Plaintiff further alleges that "John R. Tassini and Kathleen A. Sheedy not only refuse to follow the law, but both conspired under the color of law with the assistance of DCP&P workers to effectuate through purely private conduct to have my child given to the Prawns despite being furnished with the laws and questioned on their justification." (*Id*.). The Complaint contains other conclusory allegations of unlawful conduct; however, the Complaint fails to establish a factual foundation that would provide Defendants fair notice of the claims against them. Without factual allegations to demonstrate the basis for Plaintiff's requested relief, Plaintiff has not satisfied the pleading requirements of Rule 8.

## CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's application to proceed *in forma pauperis*, (Docket Entry No. 1, Attach. 2), but will *sua sponte* dismiss the Complaint, (Docket Entry No. 1). An appropriate Order accompanies this Opinion.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.